**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER CORTICO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TRANSPORTES AEREOS PORTUGESE, et al.,<br><br>　　　　Defendant. | Civil Action No. 24-07674<br><br>**OPINION**<br><br>January 29, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendant Worldwide Flight Services, Inc. ("WFS") motion to dismiss Plaintiff Christopher Cortico's ("Cortico" or "Plaintiff") First Amended Complaint ("FAC") pursuant to Rule 12(b)(6). (ECF 9.) The Court reviewed all submissions in support and in opposition and decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, Defendant's motion is **GRANTED.**

I.   **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff Christopher Cortico is an individual residing in New Jersey who on July 20, 2022, was employed by WFS as a ramp agent at Newark Liberty International Airport. (ECF 3, FAC ¶ 1.) WFS is a Delaware Corporation that had a contract with Transporte Aereos Portuguese ("TAP")

---

[1] The allegations in the Complaint must be accepted as true solely for purposes of this Motion, except where conclusory and/or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court also relies on documents integral to or relied upon by the Complaint and the public record. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

to provide ground handling and cargo service to TAP at Newark Liberty International Airport and was the employer of Plaintiff during the injury in question. (*Id*. ¶ 5.)

On July 20, 2022, and while in the course of his employment as a ramp agent for WFS, Plaintiff entered a TAP airplane that arrived at Newark Liberty International Airport to unload passenger baggage and cargo that was in the luggage/cargo compartment. (*Id*. ¶ 10.) Plaintiff entered the luggage compartment to unload the passenger baggage and pushed the luggage to the door of the compartment where a co-worker collected the luggage and put it on a TUG Belt Loader which transported the luggage to the tarmac. (*Id*. ¶ 11.) When Plaintiff completed unloading the passenger luggage, he noticed that his pants were wet, and he also observed that the floor of the luggage compartment was also wet. (*Id.* ¶ 12.) Plaintiff unhooked the corner of the cargo net and moved a couple of boxes to locate the source of the slippery fluid. He observed that the fluid was leaking out of a TAP Maintenance Engineering Box that was loaded on the plane upside down. (*Id*. ¶ 13.) Plaintiff left the luggage compartment, but as he stepped on the TUG Belt Loader to exit the airplane, his right foot slipped on the liquid, and he fell to the tarmac, sustaining injuries. (*Id*. ¶ 14.)

Plaintiff initially filed a Complaint in this Court on July 10, 2024. (*See* ECF 1.) On July 17, 2024, Plaintiff filed the operative FAC. (*See* ECF 3.) On August 21, 2024, Defendant WFS filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Restatements of a claim's elements are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 LEXIS 185621, at *2 (D.N.J. Jan. 23, 2015).

### III. ANALYSIS

In the First and Second Counts of the FAC, Plaintiff alleges that TAP and/or ABC Corporations 1-5, and/or ABC Corporations 1-6 were responsible for providing a safe work environment and were negligent in loading the TAP Maintenance Engineering Box upside down, which caused the slippery fluid to leak from the box, that they failed in their duty to provide Plaintiff with a safe workplace, and that that failure was the proximate cause of his injuries. (ECF 3, FAC ¶¶ 15-23.) As to WFS, in Count 3 of the FAC (*id.* ¶¶ 21-31), Plaintiff alleges that in training its employees not to deploy both guardrails when using the TUG Belt Loader, WFS knew that it

was a "substantial certainty that failure to use the guard rail would cause harm to its employees, including the plaintiff" (*id.* ¶ 29), and that preventing Plaintiff from accessing the very safety equipment which the manufacturer intended to be used to prevent fall injuries is not a fact of life of industrial employment but instead constitutes an intentional wrong that plainly goes beyond anything the New Jersey Workers' Compensation Act's bar to the civil liability of an employer. (*Id.* ¶ 30.) Finally, Plaintiff claims that the "intentional wrongdoing of WFS in training its employees to not engage both guard rails of the TUG Belt Loader was a proximate cause" of his injuries. (*Id.* ¶ 31.)

Notwithstanding the exclusivity provision set forth in the New Jersey Workers' Compensation Act ("WCA"), N.J. Stat. Ann. § 34:15–8, Plaintiff claims liability under *Laidlow v. Hariton Machinery Company, Inc.*, 790 A.2d 884 (N.J. 2002), in that Defendants "knew that it was a substantial certainty that the failure to use the guard rail would cause harm to its employees including the plaintiff." (ECF 3, FAC ¶ 29; 790 A.2d 884.) Plaintiff alleges that the "intentional wrongdoing of WFS in training its employees to not engage both guard rails of the TUG Belt Loader was a proximate cause of the grievous permanent injuries sustained by plaintiff." (FAC ¶ 14.)

> The WCA provides:
>
> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, *except for intentional wrong.*

N.J. Stat. Ann. § 34:15–8 (emphasis added). Where an employee's injury is compensable by way of the WCA, the employee loses the right to bring an action on account of those injuries at common law. *See id.*; *see also Shorter v. Quality Carrier*, No. 14-4906, 2014 WL 7177330, at *2 (D.N.J. Dec. 16, 2014). This compensation system represents a "historic 'trade-off' whereby employees

relinquish their right to pursue common-law remedies in exchange for prompt and automatic entitlement to benefits for work-related injuries." *Laidlow*, 790 A.2d at 886 (citing *Millison v. E.I. du Pont de Nemours & Co.*, 501 A.2d 505, 525 (N.J. 1985)). An exception to the exclusivity rule exists—and thus an employee retains the right to bring an action at common law—for injuries sustained as the result of an employer's intentional wrong. N.J. Stat. Ann. § 34:15–8.

To qualify for the intentional wrong exception, a plaintiff must satisfy the two-pronged test articulated by the New Jersey Supreme Court in *Millison. See* 501 A.2d at 513-14. Under the "conduct" prong, the plaintiff must show that the employer acted with knowledge that it was substantially certain that a worker would suffer injury. *Mull v. Zeta Consumer Prods.*, 823 A.2d 782, 785 (N.J. 2003) (quoting *Laidlow,* 790 A.2d at 894). The "context" prong requires the plaintiff to show that "the resulting injury and the circumstances of its infliction on the worker [are] (a) more than a fact of life of industrial employment and (b) plainly beyond anything the Legislature intended the Workers' Compensation Act to immunize." *Mull*, 823 A.2d at 785 (quoting *Laidlow,* 790 A.2d at 894). A plaintiff must prove both prongs of the test to satisfy the intentional wrong exception. *See Millison,* 501 A.2d at 514.

Plaintiff has failed to allege sufficient facts in his Complaint to satisfy this "formidable standard." *Birch v. Wal-Mart Stores, Inc.*, No. 15-1296, 2015 WL 8490938, at *4 (D.N.J. Dec. 9, 2015). Here, Plaintiff's "threadbare recital" of the elements of an intentional wrong, coupled with legal conclusions, cannot survive Defendant's motion to dismiss. *See Iqbal*, 556 U.S. at 678–79. Regarding the "conduct" prong, Plaintiff alleges generally that there was "substantial certainty" that injury would result, and that the Defendants committed "intentional wrong[s]." Though Plaintiff alleges in a conclusory manner that WFS's conduct in training its employee to use only one guard rail was intentional, Plaintiff has not pleaded any facts showing that WFS knew that

5

there was a "virtual certainty that injury or death would occur as a result of its conduct." *Laidlow,* 790 A.2d at 896-97. This allegation, without an allegation of knowledge that this act was substantially certain to lead to injury, is not enough to escape the exclusivity provision of the WCA.[2]

Second, Plaintiff has failed to allege facts that would support finding that the context surrounding Defendant's conduct and Plaintiff's resulting injury was either more than a fact of life of his employment or plainly beyond the intended scope of the WCA. Indeed, claiming that Cortico's injury "is not a fact of life of industrial employment," while a closer call, considering the lack of fact discovery at the initial pleading stage, still does not provide any factual allegations establishing that a potential fall was not a risk of Cortico's employment plainly beyond anything contemplated by the Legislature. The New Jersey Supreme Court has clarified that the WCA differentiates between "dangers present in the workplace itself" and the employer's "intentional deception." *Van Dunk v. Reckson Assoc's Realty Corp.*, 45 A.3d 965, 980 (N.J. 2012). While the latter would fall within the "intentional wrong" exception, the former does not. *Marmone v. Gerdau*, No. 20-02903, 2021 WL 791848, at *3 (D.N.J. Feb. 26, 2021). Here, there is no indication that the Plaintiff's injuries were the result of any intentional deception or any other intentional conduct by Defendant. Accordingly, Plaintiff's claim is barred by the WCA.

IV. **CONCLUSION**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's FAC is **GRANTED**, and Plaintiff's FAC is **DISMISSED without prejudice**. An appropriate order accompanies this opinion.

---

[2] *See Laidlow,* 790 A.2d at 898 (declining to establish a *per se* rule that an employer's removal of a safety guard or device establishes an "intentional wrong" within the meaning of the WCA); *Mabee v. Borden, Inc.,* 720 A.2d 342, 348-49 (NJ. Super. Ct. App. Div. 1998) (alteration or removal of a safety device does not present a *per se prima facie* case of "intentional wrong").

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

| | |
|---|---|
| Orig: | Clerk |
| cc: | James B. Clark, U.S.M.J. |
| | Parties |